IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEWAYNE A. MITCHELL,          )
    Petitioner,              )   Civil Action No. 09-51 Erie
                              )
v.                            )
                              )   Magistrate Judge Susan Paradise Baxter
FRANCISCO QUINTANA,           )
    Respondent.              )

# OPINION AND ORDER[1]

    Petitioner Dewayne A. Mitchell filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he challenges his federal sentence computation. Specifically, he contended that the Bureau of Prisons ("BOP") failed to adjust his federal sentence in conformance with United States Sentencing Guidelines ("U.S.S.G.") Section 5G1.3(b). [ECF No. 5 at 1]. He also argued that the BOP unfairly denied his request for a retroactive designation of the state prison for service of his federal sentence. [ECF No. 5 at 1-2]. As relief, he sought to have his federal sentence recalculated so as to have commenced upon imposition or to have his federal sentence adjusted to account for the days spent in state custody prior to the commencement of his federal sentence. He also claims that he has remained in BOP custody for too long due to the BOP's alleged error in calculating his sentence.[2] [ECF No. 5 at 1-3, 9].

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2]     Petitioner also requests that this Court issue an order terminating his supervised release sentence. The United States Court of Appeals for the Third Circuit has instructed, however: "Pursuant to 18 U.S.C. § 3583(e), only the sentencing court has the authority to modify [the petitioner's] term of supervised release." Burkey v. Marberry, 556 F.3d 142, 146 n.3 (3d Cir. 2009), cert. denied, — U.S. — , 130 S.Ct. 458 (2009), citing Gozlon-Peretz v. United States, 498 U.S. 395, 400-01 (1991); United States v. Lussier, 104 F.3d 32, 34-35 (2d Cir. 1997).

1

Respondent has filed a Notice of Suggestion of Mootness indicating that the instant petition should be dismissed as moot because Petitioner was released from BOP custody on February 23, 2011. [ECF No. 21]. Attached to Respondent's Notice is the Declaration of Vanessa Herbin-Smith, a Supervisory Paralegal employed with the BOP's Northeast Regional Office. [ECF No. 21-1].

## I.

Mootness has been described as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Rosetti v. Shalala, 12 F.3d 1216, 1224, n.19 (3d Cir. 1993) (citation omitted). The general principle of mootness is derived from the standing requirement set forth in Article III of the Constitution, under which the exercise of judicial power depends upon the existence of a case or controversy. See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993); see also Ortho Pharmaceutical Corp. v. Amgen, Inc., 882 F.2d 806, 810-11 (3d Cir. 1989) ("Federal courts, having jurisdiction only to decide actual cases and controversies, are 'without the power to decide questions that cannot affect the rights of litigants in the case before them.'"), quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971). As such, "a case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698 (3d Cir. 1996). See also Burkey, 556 F.3d at 147-48 ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit."). Thus, if developments occur during the course of litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Burkey, 556 F.3d at 147.

Because Petitioner has been released from BOP custody, the relief he sought in his petition is no longer of consequence to him; he no longer has the requisite "personal stake" in the outcome of the litigation. Burkey, 556 F.3d at 147; Spencer v. Kemna, 523 U.S. 1, 7 (1998). Courts often will presume that a wrongful conviction has collateral consequences that likely can be remedied by a favorable decision from a habeas court. Spencer, 523 U.S. at 7-8. However, in cases such as the instant case, where a petitioner is challenging the BOP's execution of his sentence and not the lawfulness of his underlying conviction, the petitioner has the burden of demonstrating that he has sustained a collateral injury that can be effectively remedied by the court in order to avoid having his case dismissed on mootness grounds. Id.; Burkey, 556 F.3d at 148 ("Where…the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven."). Any purported delay in the commencement of a term of supervised release as a result of any alleged over-incarceration is not a sufficient continuing injury to avoid a finding of mootness in this case. Burkey, 556 F.3d at 147-51. Accordingly, there is no case or controversy for this Court to consider, and the petition will be dismissed as moot.[3]

## II.

For the foregoing reasons, the Petition for Writ of Habeas Corpus will be dismissed. An appropriate order follows.

---

[3] 28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEWAYNE A. MITCHELL, | ) | |
| Petitioner, | ) | Civil Action No. 09-51 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| FRANCISCO QUINTANA, | ) | |
| Respondent. | ) | |

## ORDER

AND NOW, this 4th day of August, 2011;

IT IS HEREBY ORDERED that the petition for writ of habeas corpus is DISMISSED. The Clerk of Courts is hereby directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: Notice by ECF to all counsel of record and by U.S. mail to Petitioner at his address of record:

DeWayne A. Mitchell
16866-074
FCI Loretto
PO Box 1000
Loretto, PA 15940